PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ANASTASIO GUTIÉRREZ, Defendant and Appellant.

No. 3128. Argued February 18, 1927.—Decided April 28, 1927.

*Angel A. Vázquez* for the appellant. *José E. Figueras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is a case of contempt by perjury committed in open court and the question to be decided is whether or not the proceedings were in accordance with the special law governing the matter.

Defendant Anastasio Gutiérrez appeared as a witness in a certain case of murder that was being tried in the District Court of Mayagüez. The trial judge considered Gutiérrez as having made false statements and issued an order of arrest against him and set a certain day for him to appear and show cause why he should not be punished for contempt of court.

So far the proceedings have followed the provisions of Act No. 41 of 1911 where summary punishment is provided for perjury committed in open court.

On the day set the judge opened the proceedings by stating in detail the events at the trial where the defendant was a witness and said that he had been satisfied of the falsity of the testimony, he finally questioning the defendant as follows: "Do you wish to introduce any evidence in this regard?" The defendant through his counsel answered affirmatively and offered in evidence his own testimony.

Thereupon the court convicted the defendant and sentenced him to fifteen days in the district jail. It does not appear that the prosecuting attorney took any part in the proceedings.

Section 1 of Act No. 41 of 1911, after setting forth the procedure for the issuance of the order to show cause, says:

"The defendant shall, within a time to be fixed by the court, make his defense to the citation, and the court shall hear the testimony adduced by the prosecution and the defense, and after hearing the testimony shall pronounce judgment in the case."

In *People* v. *Aquino*, 33 P.R.R. 247, this court, in construing Act No. 41 of 1911, expressed itself as follows:

"Considering the said Act as a whole, it may be observed that there are two instances in which the conscience of the judge should move and act. The first is when upon hearing the testimony at the trial the judge is satisfied that the witness is a perjurer. Then it is the duty of the judge *motu proprio* to order the arrest of the witness, setting a day for the hearing. The second is when after having so acted, the judge investigates the case on its merits by hearing the evidence for the defendant and also that for the prosecution."

No more is needed to be said. The law and the jurisprudence are in favor of the defendant, and this is so acknowledged by the *Fiscal* of this court. The prosecuting attorney should have taken part in the proceedings and submitted evidence against the defendant. This court then would have had a record on which to act. If everything is kept in the consciousness of the trial judge, what is the use of appealing as provided by law? It is true that it is a case of a summary proceeding where one must fully acknowledge in all its scope the principle that the district judge is in a better position than the appellate judges to weigh the evidence, but that does not mean that no evidence should be introduced on which to base the judgment and be made to appear in the record.

The judgment appealed from must be reversed.